WHITE, J. Information was filed in the circuit court of Taney county, in proper form charging the defendant with unlawfully and feloniously transporting intoxicating liquor, hootch, moonshine, and corn whisky. The record proper shows that on application of the defendant a change of venue was granted and the cause sent to Ozark county. In that court, May 10, 1926, the defendants, being duly arraigned, entered pleas of guilty as charged in the information. On the same day each defendant was separately called before the court and asked if he had any legal cause to show why judgment should not be pronounced according to law, and, failing to show such cause, the punishment of each was assessed at imprisonment for two years in the state penitentiary. On the same day the defendants filed their application for appeal, and appeal was granted to this court. No motion for new trial and no bill of exceptions was filed. The record appears to be regular in every respect, and nothing is suggested to show that the plea of guilty was not properly taken. The judgment accordingly is affirmed. All concur.

═══════

**1**

J. E. AMOS v. STATE. (No. 11614.)
Court of Criminal Appeals of Texas. May 9, 1928. Appeal from District Court, Stephens County; C. O. Hamlin, Judge. Bryan Atchison, of Pampa, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment, one year in the penitentiary. There are no bills of exception in the record. No objections to the charge of the court appear. The evidence amply supports the verdict. No error appearing, the judgment will be affirmed.

═══════

**2**

Frank ANDERSON v. STATE. (No. 11655.)
Court of Criminal Appeals of Texas. May 23, 1928. Appeal from District Court, Taylor County; M. S. Long, Judge. Ben L. Cox, of Abilene, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Appellant was prosecuted under article 1151, P. C., for a willful assault committed with a pistol being unlawfully carried by appellant. Upon conviction, punishment was assessed at confinement in the county jail for 120 days. The record before us contains neither statement of facts nor bills of exception. In such condition nothing is presented for review. The judgment is affirmed.

═══════

**3**

Louie ATWOOD v. STATE. (No. 11758.)
Court of Criminal Appeals of Texas. May 9, 1928. Rehearing Denied June 6, 1928. Appeal from District Court, Shelby County; R. T. Brown, Judge. S. H. Sanders, of Center, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment, one year in the penitentiary. The record is here without any statement of facts or bills of exception. The in-

dictment charges the offense, and is followed by the charge of the court. The judgment and sentence are also in proper form. No error appearing, the judgment will be affirmed.

═══════

**4**

Audrey BEAN v. STATE. (No. 11864.)
Court of Criminal Appeals of Texas. May 9, 1928. Appeal from District Court, Collingsworth County; R. L. Templeton, Judge. W. M. Tucker, of Wellington, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years. The indictment appears regular. The record is before us without bills of exceptions or statement of facts. No fundamental error having been perceived or pointed out, the judgment is affirmed.

═══════

**5**

A. M. COWART v. STATE. (No. 11583.)
Court of Criminal Appeals of Texas. May 9, 1928. Appeal from Criminal District Court, Dallas County; Grover Adams, Judge. E. L. Roark and E. T. Adams, both of Dallas, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for embezzlement; punishment, two years in the penitentiary. The state's attorney with this court calls to our attention that the statement of facts herein was not approved by the trial court. He is supported by the record. Each of the four bills of exception appearing in the transcript depends upon the presence of the facts, in order to give validity to the claims of error therein set forth. The absence of the statement of facts deprives us of ability to pass upon the soundness of the contentions made. The indictment herein seems to sufficiently charge the offense, and is followed by the charge of the court and the judgment and sentence. No error appearing, the judgment will be affirmed.

═══════

**6**

B. M. COX v. STATE. (No. 11905.)
Court of Criminal Appeals of Texas. May 30, 1928. Appeal from Dallas County Criminal Court; N. G. Williams, Judge. W. C. Graves, of Dallas, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for unlawfully carrying a pistol; punishment, a fine of $100. The record is here without any statement of facts or bills of exception. No error appearing, the judgment will be affirmed.

═══════

**7**

Domingo ESPARZA v. STATE. (No. 11650.)
Court of Criminal Appeals of Texas. May 23, 1928. Appeal from District Court, Atascosa County; W. O. Murray, Jr., Judge. See, also, 3 S.W. (2d) 1118. T. B. Monroe, of San Antonio, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for burglary; punishment being three years in the penitentiary. The record on file in this court contains neither statement of facts nor bills of exception. Three special charges were refused, but no exception was reserved to such action. However, if the point had been properly preserved, we are in no position to determine whether the charges were appropriate without knowing what evidence was before the court. The judgment is affirmed.